J-S09001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN J. LYNCH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BANK OF AMERICA, BAYVIEW LOAN SERVICING, KML LAW GROUP AND MATHEW FISEL, ESQUIRE, | |
| Appellees | Nos. 1434 & 1435 EDA 2016 |

Appeal from the Orders Entered April 12, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 151202495

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 01, 2017**

John J. Lynch ("Lynch") appeals *pro se* from the orders[1] entered on April 12, 2016, sustaining preliminary objections filed by Bank of America ("BoA"), Bayview Loan Servicing ("Bayview"), KML Law Group ("KML"), and Mathew Fisel, Esq. ("Fisel")[2] (collectively, "Appellees").  We affirm.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  The trial court noted, "Lynch filed separate Notices of Appeal for each of this [c]ourt's rulings; these matters were consolidated via court order on June 25, 2016. . . ."  Trial Court Opinion, 8/26/16, at n.2.

[2]  In his brief, Fisel spells his given name as "Matthew."  KML and Fisel's Brief at 4.

Because neither Lynch nor the trial court provided a factual history of this matter, we glean the facts of this case from the record. Lynch filed suit against Evelyn Rivera ("Rivera") on December 3, 2014, averring that she was responsible for injuries he sustained on November 2, 2014, when Michael Wilson and Tara Wilson assaulted Lynch after they followed Rivera into his apartment where Rivera was seeking refuge. Lynch obtained a default judgment against Rivera for $50,000. KML/Fisel Preliminary Objections, 2/10/16, at Exhibit B; Response to Preliminary Objections, 2/16/16, at ¶ 1.

In aid of execution on the default judgment, Lynch filed a petition for supplemental relief pursuant to Pa.R.C.P. 3118, requesting that the trial court order Rivera's mortgagees, BoA and Bayview, to provide Lynch with her homeowner's insurance information. Response to Preliminary Objections, 2/16/16, at ¶ 5. The trial court denied the petition. Order, 12/22/15. In response, Lynch sought to intervene in Appellees' foreclosure action against Rivera.[3] Petition to Intervene, 4/28/16. The trial court denied the petition. Order, 5/20/16. Lynch filed an appeal, which we quashed *sua sponte*. Order, 8/15/16.

---

[3] BoA commenced a foreclosure action against Rivera's property on June 25, 2014, as a result of her default on mortgage payments. After BoA assigned the mortgage to Bayview, Bayview was substituted as the plaintiff in the foreclosure action. KML represented the mortgagees in the foreclosure action, and Fisel is an attorney with the firm. KML/Fisel Preliminary Objections, 2/10/16, at ¶¶ 3-5.

In the action underlying this appeal, Lynch filed a *pro se* complaint against Appellees on December 28, 2015, averring that his left eye was permanently injured as a result of the actions of Rivera. Complaint, 12/28/15, at ¶¶ 1, 2. Lynch further averred that he obtained a judgment against Rivera for damages in the amount of $50,000. *Id.* at ¶ 2. Seeking recovery of the damages under Rivera's homeowner's insurance policy, Lynch averred that he repeatedly demanded that Appellees provide him with Rivera's insurance information. *Id.* at ¶¶ 1, 3, 7. In his prayer for relief, Lynch requested judgment against Appellees in the amount $50,000, plus court costs, purportedly for failing to provide Rivera's homeowner's insurance information.

KML and Fisel filed preliminary objections to Lynch's complaint on February 10, 2016, and BoA and Bayview filed preliminary objections on February 16, 2016. In two separate orders entered on April 12, 2016, the trial court sustained both sets of preliminary objections. This appeal followed.

On appeal, Lynch presents three issues for our consideration:

1. Does the opinion of the trial court accurately reflect the gist of the matter in the complaint?

2. Does Homeowners insurance cover the interest of the mortgagee and mortgagor equally against losses to their interest attacked in Writ of execution arrived at by suits at law upon the mortgagee[?]

- 3 -

3.    Can the [A]ppellees refuse to provide the information demanded in the complaint and ordered by the trial court to be provided in related case 150304249 with impunity[?]

Lynch's Brief at 4 (answers omitted).

As stated above, Lynch appeals from orders sustaining Appellees' preliminary objections, wherein they claimed that Lynch demurred, *i.e.*, failed to state a cause of action for which relief can be granted. KML/Fisel Preliminary Objections, 2/10/16, at ¶ 9; BoA/Bayview Preliminary Objections, 2/16/16, at ¶ 9.

> Our standard of review of a trial court's order granting preliminary objections in the nature of a demurrer is *de novo* and our scope of review is plenary. **Soto v. Nabisco, Inc.**, 32 A.3d 787, 789 (Pa.Super.2011). "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." **Id.** at 790.
>
>> A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. In ruling on a demurrer, the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint.
>
> **Id.** (quoting **Butler v. Charles Powers Estate**, 29 A.3d 35, 38–39 (Pa.Super.2011)). Consequently, "preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action." **Id.** at 789–90. "Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a demurrer is properly sustained." **Id.**

**Krajewski v. Gusoff**, 53 A.3d 793, 802 (Pa. Super. 2012).

Lynch's first issue challenges the trial court's understanding of the underlying action. According to Lynch, the trial court has "no grasp on the gist of the subject matter in the complaint." Lynch's Brief at 8. Lynch asserts that his claim "is for personal injury," which was the result of Rivera's actions, and that, as "co interested parties with Rivera," Appellees are required to provide the requested insurance information. *Id.* at 8–9.

We observe one factual misstatement by the trial court. Lynch averred that the judgment he obtained against Rivera was for damages resulting from a permanent injury to his left eye. The trial court, however, incorrectly stated that he sought to recover against Rivera's policy "for damage done to his own home." Trial Court Opinion, 8/26/16, at 1. Otherwise, we discern no error in the trial court characterizing Lynch's claims as sounding in personal injury and bad faith. *Id.* Lynch filed suit against Appellees based on their failure to produce Rivera's insurance information (bad faith), and he requested judgment against them for damages in the same amount as that awarded by default in his case against Rivera—$50,000 (personal injury).

Upon review of the entire record, we discern no substantive lack of understanding by the trial court. The factual inaccuracy in the trial court's opinion is insignificant and does not undermine its ultimate conclusion that "all of Lynch's claims, both in tort and in contract, could not warrant

recovery against these Appellees." Trial Court Opinion, 8/26/16, at 2. Thus, Lynch's first issue affords no relief.

Next, Lynch asks if Rivera's homeowner's policy equally covers her interest and the defendant mortgagees' interest in her home against losses. According to Lynch, "it does." Lynch's Brief at 4. We interpret Lynch's argument as suggesting that BoA and Bayview are required to provide Rivera's homeowner's insurance policy because they, like Rivera, have an interest in her home. *Id.* at 9.[4]

At the heart of this issue is a question of duty, which the trial court addressed as follows:

> Accepting all of the facts that Lynch has alleged in [the] Complaint as true, this [c]ourt agreed with Appellees that no recovery against any one of them is possible. It is unclear to this [c]ourt why Lynch feels that the assignee of a mortgage (or the law firm involved in foreclosure proceedings related to that mortgage) has any responsibility to furnish information of any kind to a third party who claims to have been injured in a property other than the mortgaged premises. Lynch has failed to identify any sort of duty, created by law or by contract, that any of the parties to this case would have to him. For that

---

[4] Lynch also argues that Appellees "should not be permitted to refuse to comply with the order of the court in the related case NO.# 15-03-04249 of September 15, 2015 to provide insurance information . . . ." Lynch's Brief at 9. Appellees deny that they were ordered to do so. KML/Fisel's Brief at 5, 14; BoA/Bayview's Brief at 8, 22. Regardless, we note that the record does not include a copy of the referenced order, and, therefore, we will not consider it as a basis for disturbing the trial court's ruling. *See Stumpf v. Nye*, 950 A.2d 1032, 1041 (Pa. Super. 2008) ("[T]his Court may only consider items which have been included in the certified record and those items which do not appear of record do not exist for appellate purposes.").

reason, all of Lynch's claims, both in tort and in contract, could not warrant recovery against these Appellees.

Trial Court Opinion, 8/26/16, at 2.

We reiterate:

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Wilkins v. Marsico***, 903 A.2d 1281, 1284–1285 (Pa. Super. 2006) (internal citations omitted).

Upon review, we observe that Lynch presents neither a cogent argument nor controlling authority regarding BoA's or Bayview's alleged duty to provide Rivera's insurance information. Thus, this issue is waived. ***See Ramalingam v. Keller Williams Realty Grp., Inc.***, 121 A.3d 1034, 1045 (Pa. Super. 2015) (citing Pa.R.A.P. 2119(a), (b) to support finding of waiver where arguments were undeveloped and unsupported by any controlling authority).

Lastly, Lynch asks whether Appellees can refuse to provide the information demanded in the complaint and ordered by the trial court in another case with impunity. Lynch's Brief at 9. For the reasons noted above, we also find this issue to be waived. ***Ramalingam***, 121 A.3d at 1045, Pa.R.A.P. 2119(a), (b).

Orders affirmed.

Judges Stabile and Platt concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/1/2017